# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD L. CRITTEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-792 |
| ) | |
| v. ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Maureen P. Kelly |
| DIRECTOR LENA BRYAN-HENDERSON; ) | |
| *and* PUBLIC DEFENDER ALEXA GRISTA, ) | |
| ) | Re: ECF No. 1-1 |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1-1, be dismissed for failure to prosecute.

**II.  REPORT**

Plaintiff Gerald L. Critten ("Plaintiff") was, at the time of filing, detained at the Allegheny County Jail in Pittsburgh, Pennsylvania. On May 29, 2024, Plaintiff submitted a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") along with a Complaint against Director Lena Bryan-Henderson and Public Defender Alexa Grista. ECF No. 1. However, Plaintiff failed to provide the Court with the requisite paperwork and documents to proceed *in forma pauperis*.

On June 10, 2024, the Court issued a Deficiency Order directing the Plaintiff to provide a completed authorization form, authorizing the withdrawal of funds from an inmate account to satisfy the filing fee requirement. ECF. No. 3. On July 17, 2024, the Court entered a Standing Practice Order for *Pro Se* Civil Rights Cases which, in part, notified the Plaintiff of his continuing obligation to update the Court with any change of address, and to comply with all Court orders as directed. ECF No. 4.

Plaintiff failed to respond to Deficiency Order. Indeed, the Deficiency Order was returned to the Court by jail staff as undeliverable. Staff Note dated Aug. 14, 2024. Accordingly, on January 13, 2025, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF. No. 5. It was mailed to Plaintiff at Allegheny County Jail because Plaintiff has not provided any other address. Plaintiff's response was due on or before February 12, 2025. Id. at 1. the Order to Show Cause similarly was returned by jail staff on March 25, 2025, marked "RTS Temp Release." Staff Note dated Mar. 25, 2025. To date, Plaintiff has failed to respond to any order of this Court, nor has he provided any update to his address.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to support dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club,

Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n.1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, there is a lack of explicit evidence of prejudice because the adverse parties have not yet been served due to Plaintiff's failure to comply with the Deficiency Order from the Court. ECF No. 3.

The third factor, "history of dilatoriness," also weighs heavily against Plaintiff. As explained, Plaintiff has failed to respond any order issued by this Court in this matter. Nor has he seen fit to provide this Court with his current address. Thus, Plaintiff has engaged in dilatory conduct that serves to unnecessarily delay resolution of this case.

As for the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, Plaintiff alone is at fault for failing to provide his current address to this Court. Thus, his conduct appears to be willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, No. 11-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. To date, Plaintiff has not provided a Complaint that include a claim upon which relief may be granted..

On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor being neutral. Nevertheless, "[n]ot all these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy for deciding cases on the merits, such a resolution is impossible when the plaintiff declines to participate in his own lawsuit. Consequently, the Court

concludes that on the record presented here, the sanction of dismissal is supported by the Poulis factors.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.D.2 of the Local Rules of Court, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 2, 2025                                                         Respectfully submitted,

                                                                                          */s/Maureen P. Kelly*
                                                                                          MAUREEN P. KELLY
                                                                                          UNITED STATES MAGISTRATE JUDGE

cc:      Hon. Nora Barry Fischer
         United States District Judge

         Gerald L. Critten
         16276
         Allegheny County Jail
         950 Second Avenue
         Pittsburgh, PA 15219